Deadeeick, C. J.,
delivered the opinion of the court:
This is an appeal from the judgment of the circuit court of Knox county, dismissing the plaintiff’s petition for writs of error coram nohis. A judgment had been rendered by said circuit court against petitioners, and G-eo. Rule as sureties of IT. 0. Tarwater, revenue collector for Knox county, and against said Tarwater, who- had notice. But the petitioners allege they had no notice, and that said Geo. Rule, one of said sureties, had upon his petition for writ of error coram nobis, had said judgment vacated and annulled upon the ground that he had not signed said Tarwater’s bond. Petitioners admit that they signed said bond, but allege that they did so with the distinct understanding that all the persons whose names purported to be signed thereto, were equally bound with them, and that the bond should be attested as required by law, and that this was not done; that Tarwater was a defaulter when t-he said bond was signed by them, and information of this fact was withheld from them by the officers taking said bond. In the case of McLean v. The State, MS., Jackson, April Term, 1813 [since reported in 8 Heis., 22], it was held that the statutes directing the mode of receiving, and filing, and approving bonds do not prevent the implied acceptance of such bonds, not properly approved, and that the production of such bond by the state or its officer is prima facie evidence that it was accepted. And in the same case it was held that the misrepresentations of the chairman of the county court to persons about to become sureties on such bond does not affect their liability on said bonds. So we think the understanding of the parties as to who were or were to be the sureties of a collector, cannot affect their liability. It is not stated that petitioners signed such bond upon the condition that they were not to be liable, unless A B or 0 D should sign it, or were also to be bound. Secs. 771-776, especially secs. 773, 774-, the one making a defective bond valid, and the other hold *344 ing that where an officer giving bond, receiving money upon the faith of said bond, he and his sureties are es-topped to deny the validity of the bond, were enacted to hold public officers and their sureties to a strict accountability. And the experience of the past few years has afforded frequent illustrations of the utility and wisdom of such provision.
The judgment of the circuit court will be affirmed.